**AFFIRM; and Opinion Filed May 17, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00247-CV**

**IN THE INTEREST OF J.C., A CHILD**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-30013-2023**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Kennedy

Mother appeals an order terminating her parental rights to child J.C. In her sole issue on appeal, Mother asserts she was not afforded effective assistance of counsel because trial counsel did not obtain a ruling on her motion to extend the dismissal deadline to allow her additional time to comply with the terms of a court order establishing the actions necessary for reunification. We affirm the trial court's order terminating Mother's parental rights to J.C. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On January 21, 2023, the Texas Department of Family and Protective Services (the "Department") received a referral pertaining to the neglectful supervision of J.C. The referral indicated that Frisco police officers pulled over a vehicle driven by Mother. The officers discovered Mother was intoxicated and driving with two-year old J.C. unrestrained in the back seat. Mother was arrested, and J.C. was released to a maternal aunt who was J.C.'s babysitter. Mother had prior convictions and was on probation for driving while intoxicated ("DWI") at the time of her arrest. A few weeks after her arrest, Mother was evicted from her apartment.

On February 7, 2023, the Department filed a Petition for the Protection Child(ren) for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. After finding there was an immediate danger and that continuation in the home would be contrary to J.C.'s welfare, the trial court signed an ex parte order appointing the Department temporary managing conservator of J.C. The Department placed J.C. with the maternal aunt and her husband. On March 1, 2023, the trial court signed a temporary order that ordered Mother to participate in specified services ("service plan"). The record reveals that, at first, Mother began her services as ordered. But her diligence in pursuing and participating in the service plan declined in the summer of 2023. Records from the treatment facilities Haven House and Carrolton Springs revealed Mother had been admitted into the facilities

but did not seek alcohol or drug treatment while she was there and that she denied having an alcohol or drug problem.

Mother did not attend a Permanency Review Hearing on August 10, 2023. At the hearing, the Department indicated that it was having difficulty getting in touch with her and that she had no-showed two out of three scheduled drug tests. After this hearing, Mother did resume services but then disengaged again. Her last visit with J.C. before trial was October 12, 2023, and her last communication with the Department was in early November 2023.

On November 3, 2023, Mother's trial counsel filed a motion for extension of dismissal deadline and set the motion for hearing at the December 14, 2023 Permanency Review Hearing. Mother did not appear at that hearing, so her trial counsel deferred the motion until she could procure a witness to establish a basis for an extension.

A bench trial commenced on January 30, 2024. Mother did not attend the trial. At trial, the Department sought to terminate Mother's parental rights because (1) she voluntarily left J.C. alone or with another who was not the parent and expressed an intent not to return, (2) she knowingly placed J.C. with persons who engaged in conduct that endangered the physical and emotional well being of J.C., (3) she constructively abandoned J.C., and (4) she failed to comply with the terms of a court order establishing the actions necessary for reunification. *See* TEX. FAM. CODE §§ 161.001(b)(1)(A), (E), (N), (O). The witnesses at trial were the initial

investigator from Child Protective Services ("CPS"), the current CPS caseworker, and the second court appointed special advocate ("CASA") volunteer assigned to this case.

The evidence at trial established the concerns that led to the removal of J.C. were his safety and well being, Mother's substance use and possible mental health issues, Mother's CPS history, the arrest report of the Frisco Police Department, and information obtained from police officers and Mother's friends. Pursuant to the service plan that was put into place, Mother was to participate in narcotics and alcohol anonymous, drug and alcohol assessment, random drug and alcohol testing, parenting classes, individual therapy, and psychological evaluation. In addition, she was to maintain employment and housing and report to CPS. Mother had not completed the ordered services. Mother's visitations with J.C. were sporadic, and there was a concern that Mother was impaired during one of the early visits. When J.C. came into the care of the Department, he had night tremors, nightmares, tantrums, and a distended belly. At the time of trial, J.C. was doing very well and was healthy. At the time of trial, Mother was still facing criminal charges for the DWI that led to the removal of J.C. and a warrant was out for her arrest. Seventy-seven exhibits were admitted into evidence containing certified records from the case file and emails among one of the CPS caseworkers and Mother and Mother's trial counsel. At the conclusion of trial, the court announced that it was terminating

Mother's parental rights under sections 161.001(b)(1)(A), (N), and (O) of the Texas Family Code and found termination was in the best interest of J.C.[1]

## DISCUSSION

In her sole issue, Mother urges that she was not afforded effective assistance of counsel. In Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). The statutory right to counsel in parental-rights termination cases embodies the right to effective counsel. *Id.* The standard for determining whether counsel is effective is that set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*

In *Strickland,* the United States Supreme Court said:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Under *Strickland*, the defendant must show both prongs of the inquiry to establish an ineffective assistance claim. *In re M.S.*, 115 S.W.3d at 544.

With respect to whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case

---

[1] The court also terminated the putative father's parental rights. Father is not a party to this appeal.

and must primarily focus on whether counsel performed in a "reasonably effective" manner. *See Strickland*, 466 U.S. at 687. Counsel's performance falls below acceptable levels of performance when the representation is so grossly deficient as to render proceedings fundamentally unfair. *Brewer v. State*, 649 S.W.2d 628, 630 (Tex. Crim. App. 1983). In this process, we must give great deference to counsel's performance, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," including the possibility that counsel's actions are strategic. *Strickland*, 466 U.S. at 687. It is only when "the conduct was so outrageous that no competent attorney would have engaged in it," that the challenged conduct will constitute ineffective assistance. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

With the *Strickland* guidelines in mind, we consider Mother's complaint about her attorney's failure to pursue her motion to extend the deadline for dismissal of the case. A trial court must dismiss a Department-filed suit seeking termination of parental rights if the trial on the merits has not commenced by the first anniversary of its filing. FAM. § 263.401(a). But a trial court may grant a 180-day extension of the dismissal deadline on a showing that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id*. at § 263.401(b). A trial court must find that extraordinary circumstances necessitate the child remaining in the

–6–

Department's conservatorship if: (1) the parent has made a good faith effort to successfully complete the service plan but needs additional time; and (2) on completion of the service plan, the trial court intends to return the child to the parent. *Id*. at § 263.401(b-3). Actions that are "considered to be the parent's fault" will generally not constitute an extraordinary circumstance. *In re O.R.F.*, 417 S.W.3d 24, 42 (Tex. App.—Texarkana 2013, pet. denied).

The record establishes Mother failed to attend the hearing on the motion to extend the dismissal deadline and that counsel deferred the motion because, without Mother's presence, she could not even attempt to establish the first prerequisite for obtaining an extension: that Mother made good faith efforts to complete services but needed extra time. Without Mother's presence, trial counsel could have decided that it would be impossible for her to establish a basis to support the request for an extension. *See* FAM. § 263.401(b-3) (prerequisites for extension). Accordingly, we conclude trial counsel's performance was not constitutionally deficient. Thus, Mother has failed to satisfy the first prong of *Strickland*.

Moreover, at the scheduled hearing on the motion to extend, which was set at the same time as the permanency review hearing, the Department established the following evidence that Mother had failed to make good faith efforts to complete the ordered services. Mother had been given her service plan, her participation in same had been sporadic, and she had not completed her services. Mother had not met with the Department; had not addressed her mental health

–7–

and substance abuse issues, and did not maintain a stable living environment, or employment. In addition, Mother's failure to appear at trial—six weeks after the motion to extend the dismissal deadline was set to be heard—not only undercut any notion of good faith effort on her part, but further rendered it that much more difficult for her trial counsel to reassert the motion and prove any efforts to comply with ordered services. Accordingly, we conclude Mother has failed to satisfy the second prong of *Strickland*.

We overrule Mothers' sole issue.

## CONCLUSION

We affirm the trial court's February 21, 2024, order terminating Mother's parental rights as to J.C.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

240247F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF J.C., A CHILD

No. 05-24-00247-CV

On Appeal from the 469th Judicial District Court, Collin County, Texas Trial Court Cause No. 469-30013-2023.
Opinion delivered by Justice Kennedy. Justices Garcia and Breedlove participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's February 21, 2024 order terminating Toi Nicole Stiggers' parental rights to J.C. is **AFFIRMED**.

It is **ORDERED** that appellee the Texas Department of Family and Protective Services its costs of this appeal from Toi Nicole Stiggers.

Judgment entered this 17th day of May 2024.